Judge: Marc Barreca
Chapter: 13
Hearing Date: July 31, 2019
Hearing Time: 9:00 a.m.
Hearing Location:
    Everett Station
    Weyerhaeuser Room, 4th Floor
    3201 Smith Avenue
    Everett, WA 98201
Response Date: July 24, 2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

AMIE C HOWITZ,

    Debtor(s).

IN CHAPTER 13 PROCEEDING
NO. 18-11348-MLB

OBJECTION TO APPLICATION FOR
AUTHORIZATION OF EMPLOYMENT
OF LISTING BROKER

Jason Wilson-Aguilar, Chapter 13 Trustee, objects to debtor's Application for Authorization of Employment of Listing Broker (ECF No. 23):

## I. Introduction

The debtors want to employ Homes & Equity Real Estate Group as the listing broker to sell their real property at 9210 Market Place #B204, Lake Stevens Washington. Jonathan Smith, debtor's bankruptcy counsel, and the principal for Homes & Equity Real Estate Group. Based on Mr. Smith's declaration (ECF No. 23-4) and the seller's closing statement (ECF No. 24-6), Mr. Smith is acting as the broker and closing agent through his escrow company, Advantage Escrow Services.[1] Mr. Smith, through his various business entities, is thus acting as the debtor's attorney, her real estate broker and the closing agent for the sale. Based on the estimated settlement statement (ECF No. 24-6), Mr. Smith will receive $6,600.00 for his services as a real estate broker and $950.00 for his services as a settlement agent. Presumably, Mr. Smith will also be charging debtor for his services as bankruptcy counsel. Mr. Smith indicates the following: "I

---

[1] Based on information and belief, Mr. Smith is the principal of Advantage Legal Group (the law firm); Homes & Equity Real Estate Group (the real estate broker); and Advantage Escrow Services (the closing / settlement agent).

OBJECTION TO APPLICATION FOR
AUTHORIZATION OF EMPLOYMENT OF
LISTING BROKER - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 18-11348-MLB    Doc 26    Filed 07/24/19    Ent. 07/24/19 12:46:28    Pg. 1 of 5

represent no adverse interest of the Debtor in this matter upon which I am to be engaged" (ECF No. 23-4; ¶ 4).

## II. Concerns regarding disinterestedness and conflicts of interest

A disinterested person is a person that

**(A)** is not a creditor, an equity security holder, or an insider;
**(B)** is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
**(C)** *does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.*

11 U.S.C. § 101(14) (emphasis added). It is not apparent that Mr. Smith is a disinterested person within the meaning of Section 101(14), particularly under subsection of (C).

In addition, the Rules of Professional Conduct provide:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
    (1) the representation of one client will be directly adverse to another client; or
    (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
    (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
    (2) the representation is not prohibited by law;
    (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
    (4) each affected client gives informed consent, confirmed in writing (following authorization from the other client to make any required disclosures).

Wash. Rules of Prof'l Conduct R. 1.7 (2006). It is unclear if this Rule of Professional Conduct has been satisfied. It is also unclear if the necessary informed consent was obtained from all

OBJECTION TO APPLICATION FOR
AUTHORIZATION OF EMPLOYMENT OF
LISTING BROKER - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 18-11348-MLB    Doc 26    Filed 07/24/19    Ent. 07/24/19 12:46:28    Pg. 2 of 5

relevant parties, although the debtor apparently signed a purported conflict waiver (ECF No. 23-6).

A closing agent and real estate agent are separately defined. Wash. Rev. Code § 60.80.005.

> No closing agent may refuse a written request by the seller or purchaser of a fee interest in real property to administer the disbursement of closing funds necessary to satisfy unpaid charges as charges are defined in RCW 60.80.005. Except as otherwise provided in this subsection (2), a closing agent who refuses such a written request is liable to the purchaser for unpaid charges for utility services covered by the request. A closing agent is not liable if the closing agent's refusal is based on the seller's inaccurate or incomplete identification of utilities providing service to the property, or if a utility fails to provide an estimated or actual final billing, or written extension of the per diem rate, as required by RCW 60.80.020, or if disbursement of closing funds necessary to satisfy the unpaid charges would violate RCW 18.44.00.

Wash. Rev. Code § 60.80.010(2). A closing agent has other duties also. *See* Wash. Rev. Code § 60.80.020. It is unclear if Mr. Smith / Advantage Escrow Services can act as an unbiased and / or neutral closing agent when Mr. Smith is also representing the debtor as her listing broker and her bankruptcy attorney.

### III. Conclusion and Request for Relief

The Trustee and / or his predecessor has raised these issues previously with regard to Mr. Smith's multiple and potentially conflicting roles. *See In re McVay*, 14-15871-TWD (ECF Nos. 86 and 92); *In re McGowan*, 17-14596-MLB (ECF No. 23); *In re Seal*, 18-14113-MLB (ECF No. 19); *In re Perez-Escobar*, 15-13368-TWD (ECF No. 63).

In *Perez-Escobar*, the court denied Mr. Smith's motion to employ himself and his company as the debtor's real estate broker. In denying Mr. Smith's motion for reconsideration of that order, the court noted

> the peril of acting as both the Debtors' bankruptcy lawyer and real estate broker. Consistent with the Employment Denial Order, the orders approving the sale of the Debtors' property [Docket Nos. 74 and 91] prohibit the closing agent from disbursing any funds to Homes & Equity Real Estate Group or Mr. Smith. As it currently stands, the Debtors are entitled to the proceeds from the sale that would have been Mr. Smith's commission had I granted the Employment

OBJECTION TO APPLICATION FOR
AUTHORIZATION OF EMPLOYMENT OF
LISTING BROKER - 3

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 18-11348-MLB    Doc 26    Filed 07/24/19    Ent. 07/24/19 12:46:28    Pg. 3 of 5

Application. Advantage Legal Group, Mr. Smith's law firm, filed the Motion for Reconsideration seeking to reverse the Employment Denial Order and obtain approval to pay those funds to Mr. Smith, which creates a conflict between Mr. Smith and the Debtors.

*In re Perez-Escobar*, Case No. 15-13368-TWD (Bankr. W.D. Wa. April 4, 2019) (ECF No. 100).

In that same case, the Trustee noted that the court had twice ordered that Mr. Smith and his company could not be paid any amounts from the sale (Case No. 15-13368-TWD; ECF No. 95). Despite those orders, the closing statement provided to the Trustee reflected that Mr. Smith apparently received $22,050.00 from the sale in his role as the real estate broker for the debtors (Case No. 15-13368-TWD; ECF No. 95). The *Perez-Escobar* court ordered Mr. Smith to explain the disbursement from the sale (Case No. 15-13368-TWD; ECF No. 101). Mr. Smith responded in a declaration that

> 3. Based on the amended sale order (ECF No. 91) entered on February 27, 2019, the closing agent did not pay Homes & Equty Real Estate Group or Jonathan Smith $22,050.
> 4. Advantage Escrow Services remitted $22,050.00 to the debtors, Jose S. Perez-Escobar & Floridalma Ambrocio (see Exhibit #1: Disbursement Worksheet and a copy of the check payable to the debtors) on April 12, 2019.

*Declaration of Jonathan Smith*, Case No. 15-13368-TWD; ECF No. 102; ¶¶ 3 and 4).

However, the closing date of that sale was February 28, 2019 (Case No. 15-13368-TWD; ECF Nos. 95 and 102-1), so it is unclear why Mr. Smith / Homes & Equity Real Estate Group would have waited to give $22,050.00 of the sale proceeds to the debtors in that case until April 12, 2019 when the debtors were entitled to those funds at closing. It appears that Mr. Smith may have held the debtors' funds and did not return them to the debtors until approximately one and one-half month after the sale.

The multiple and possibly conflicting roles in this transaction raise concerns. The Trustee does not make any assertions one way or the other about these potential issues. The Trustee raises these issues for the Court's consideration and will continue to do so given the peril and potential conflicts of interest presented when Mr. Smith seeks to act as debtor's bankruptcy

OBJECTION TO APPLICATION FOR
AUTHORIZATION OF EMPLOYMENT OF
LISTING BROKER - 4

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 18-11348-MLB    Doc 26    Filed 07/24/19    Ent. 07/24/19 12:46:28    Pg. 4 of 5

counsel, real estate broker and closing agent. The Trustee reserves the right to assert additional bases for his objection.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny the Application for Authorization of Employment of Listing Broker (ECF No. 23).

Dated this 24th day of July 2019

                                        */s/ Jason Wilson-Aguilar*, WSBA #33582
                                        JASON WILSON-AGUILAR
                                        Chapter 13 Trustee

OBJECTION TO APPLICATION FOR
AUTHORIZATION OF EMPLOYMENT OF
LISTING BROKER - 5

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 18-11348-MLB    Doc 26    Filed 07/24/19    Ent. 07/24/19 12:46:28    Pg. 5 of 5